IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| SHARON JUSTICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:05-CV-008 |
| | ) |
| COUNTRYWIDE HOME LOANS, INC., | ) |
| AMERICA'S WHOLESALE LENDER, | ) |
| and LEE SIMPKINS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This civil action is before the court on the April 29, 2005 motion to dismiss [doc. 4] filed by defendants Countrywide Home Loans, Inc. and America's Wholesale Lender (collectively "Countrywide"). Plaintiff, although represented by legal counsel, has not responded to the motion.[1] For the reasons that follow, Countrywide's motion will be granted and this civil action will be dismissed.[2]

---

[1] "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. TN. LR 7.2.

[2] The third named defendant, Lee Simpkins, has not joined in the present motion. The court's docket indicates that plaintiff never served defendant Simpkins. By orders dated May 25 and June 16, 2005, plaintiff was directed to show cause in writing why this cause should not be dismissed as to defendant Simpkins for failure to prosecute. In the June 16 order, the court warned that "If plaintiff fails to make the required showing on or before June 23, 2005, defendant Simpkins **WILL BE DISMISSED** from this case." [Doc. 7] (emphasis in original). Plaintiff responded to neither order. *See* E.D. TN. LR 7.2. Defendant Simpkins will accordingly be dismissed.

I.

*Background*

According to the complaint, plaintiff obtained a home loan in November 2000 from Countrywide. The complaint alternatively labels the loan as a refinance [Complaint, ¶ 6] and as a second mortgage [Complaint, ¶ 7].

Plaintiff alleges that both she and defendant Simpkins are citizens of the state of Tennessee. Plaintiff invokes this court's federal question jurisdiction "pursuant to, among other [unspecified] statutes, the Truth in Lending Act" ("TILA"). [Complaint, ¶ 5].[3] In addition to the federal claims, the complaint presents at least a dozen state law claims.

By the "Relevant Facts" section of the complaint, plaintiff contends that "[a]fter reviewing the details of the loan, [she] was weary of the interest rate and payments as they were very high [9.00%]." [Complaint, ¶ 11-12]. In addition, plaintiff alleges that Countrywide breached various oral promises to refinance the loan and to accept late and/or partial monthly payments. [Complaint, ¶ 11-20]

II.

*Authority*

The Federal Rules of Civil Procedure authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6)

---

[3] The complaint also mentions: (1) the Consumer Credit Protection Act, which is merely another name for TILA, *see, e.g., Lefler v. Ky. Fin. Co., Inc.*, 736 F.2d 375, 376 (6th Cir. 1984); and (2) the Home Ownership and Equity Protection Act ("HOEPA), which is a subsection of TILA. *See* 15 U.S.C. § 1639.

motion tests whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

"When evaluating a motion to dismiss brought pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983) (internal citation omitted). "Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid*, 859 F.2d at 436 (emphasis in original) (internal citations and quotations omitted). "Merely referring to a federal statute, however, does not establish federal jurisdiction if the dispute does not involve a substantial question of federal law. [T]he assertion that the claim involves such a question must be more than incantation . . . . [A statute's] mere recital cannot confer jurisdiction[.]" *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 258 (6th Cir. 1994) (citations and quotations omitted).

III.

*Analysis*

In counts one and nine of her complaint, plaintiff recites at least sixteen ways in which a lender might violate TILA by making incomplete or inaccurate disclosures.

3

[Complaint, ¶ 22, 47-48]. The complaint, however, sets forth no allegations of any such failure by Countrywide *specifically pertaining to plaintiff's own circumstance*. In fact, the factual narrative's only mention of disclosures is plaintiff's admission that she was able to "review[] the details of the loan" prior to closing. [Complaint, ¶ 11]. The mere recitation of statutory language, absent supporting allegations, is not sufficient to state a claim. *Scheid*, 859 F.2d at 436; *Ford*, 29 F.3d at 258. Plaintiff's TILA claim will be dismissed.

Next, according to count ten of the complaint, defendants violated HOEPA by charging "excessive fees and interest rates." [Complaint, ¶ 51]. As with her disclosure theory, however, plaintiff's factual narrative does not specify any "excessive fees." Further, pertaining to interest rate, plaintiff acknowledges that her rate was only nine percent. [Complaint, ¶ 12]. An interest rate does not run afoul of HOEPA unless it is *ten percentage points higher than the relevant Treasury yield*. 15 U.S.C. §§ 1602(aa)(1)(A), 1639(a)(1). Again, the bare incantation of statutory terms, without corresponding allegations to support recovery, does not state a claim. *Scheid*, 859 F.2d at 436; *Ford*, 29 F.3d at 258. Plaintiff's HOEPA claim will be dismissed.

Countrywide's motion will accordingly be granted as to plaintiff's federal claims. The court declines to exercise supplemental jurisdiction over the remaining state law issues, 28 U.S.C. § 1367(c)(3), and those claims will be dismissed without prejudice. *See* 28 U.S.C. § 1367(d). An order consistent with this opinion will be entered.

ENTER:

                                                  <u>s/ Leon Jordan</u>
                                                United States District Judge